This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 34,470**

**SUSAN OSTRANDER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Following a bench trial, Defendant appeals from the district court's adjudication

of guilt for DWI. [RP 108] *See* NMSA 1978, § 66-8-102(A) (2010). This Court issued a notice of proposed summary disposition proposing to affirm. Defendant has filed a memorandum in opposition to this Court's proposed disposition, which we have duly considered. Unpersuaded, we affirm.

**A.    Reasonable Suspicion**

{2}    Defendant continues to argue that Officer Wrenn lacked reasonable suspicion to stop her vehicle. [DS 11; MIO 7]

{3}    Our notice observed that Officer Wrenn was informed by dispatch of an anonymous tip of a possible drunk driver going northbound in the area of Main and McGaffey and that the vehicle was unable to maintain its lane. [CN 2] The tipster stated that he or she was following the vehicle. [CN 2] Additionally, Officer Wrenn received updated information from dispatch that the tipster was in a black Ford F-150 pickup and the possible drunk driver was in a green Ford Ranger missing its front bumper, and both vehicles were around the area of Main and Alameda. [CN 2] Officer Wrenn saw both vehicles travelling northbound when he activated his emergency lights; at that point, the tipster's car slowed down to allow Officer Wrenn to pull in and the tipster pointed at Defendant's vehicle. [CN 2] Defendant made an abrupt right turn and crossed over a lane of traffic to pull into a parking lot. [CN 2]

{4}    Relying on *State v. Contreras*, we proposed to conclude that although Officer

2

Wrenn did not personally observe Defendant's inability to maintain lane, the description provided in the tip was sufficiently detailed. 2003-NMCA-129, ¶ 9, 134 N.M. 503, 79 P.3d 1111 (holding that an anonymous tip describing "a gray van towing a red Geo" was sufficiently detailed to enable an officer to identify the vehicle in question). [CN 4] Our notice further observed that the tipster in this case was an anonymous caller, and it was apparent that the tipster had personally observed erratic driving and was following Defendant's vehicle. *See id.* ¶¶ 10-12 (explaining that a citizen-informant tip is more reliable than a tip from a police informant or crime-stoppers informant and also stating that "a tip is more reliable if it is apparent that the informant observed the details personally"). [CN 4]

{5} In response, Defendant's memorandum in opposition generally asserts that the tip in this case was not sufficiently reliable or credible. [MIO 7-11] Turning to Defendant's argument that the tip in this case was not as specific as that in *Contreras*, [MIO 9] we are unpersuaded. As Defendant acknowledges, the pertinent inquiry is whether the facts known to Officer Wrenn were sufficient for him to identify the correct vehicle. [MIO 9] In the present case, we conclude that the description provided in the tip—which identified the vehicle's location, direction of travel, and stated that the tipster was driving a black Ford F-150 truck following a green Ford Ranger missing its front bumper—was sufficiently detailed and allowed Officer Wrenn to

identify the correct vehicle. *See id.* ¶ 9. Finally, to the extent Defendant argues that the tip was unreliable because Officer Wrenn and the dispatch officer failed to obtain the tipster's name and other specific details about the tipster, we disagree. [MIO 11] Under the facts of this case—especially where it was apparent that the caller personally observed the erratic driving and was following Defendant's vehicle—the anonymous tip was sufficiently reliable. Accordingly, we conclude that Officer Wrenn had reasonable suspicion to initiate a stop of Defendant's vehicle.

**B.      Sufficiency of Evidence**

{6}      Defendant maintains that there is insufficient evidence to support her DWI conviction. [MIO 12] Specifically, Defendant asserts that the odor of alcohol that Officer Wrenn testified was coming from her vehicle was as a result of the beer cans in the truck that she had picked up to recycle, and not from her breath. [MIO 13] Defendant emphasizes that the only impaired driving observed by the officer was that she made an abrupt turn after the officer turned on his lights. [MIO 13]

{7}      In this Court's notice of proposed summary disposition, we acknowledged Defendant's argument that the odor of alcohol was apparently coming from the truck, not Defendant, and that Defendant denied drinking alcohol, [DS 11-12] and she offered an explanation for the circumstances that she was picking up beer cans to recycle. [DS 8-9] However, we proposed to conclude that Officer Wrenn denied

4

seeing any beer cans in Defendant's truck, [RP 104] and these matters were for the fact-finder to evaluate. [CN 6-7] *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (providing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

**{8}** Defendant has advanced no new arguments in her memorandum in opposition. Accordingly, we conclude that Defendant has failed to demonstrate error on appeal. *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

**C.      Finding of Refusal to Take a Chemical Test**

**{9}** Defendant continues to argue that the district court erred by finding that Defendant refused to take a breath test, despite the fact that Defendant was sentenced to a regular, not aggravated, DWI. [MIO 15]

**{10}** Our notice observed that such a finding appeared to provide no basis for reversible error because Defendant was not convicted of aggravated DWI. [CN 7-8] Defendant's memorandum in opposition offers no additional factual or legal arguments in support of her continued contention, *see Ibarra*, 1993-NMCA-040, ¶ 11 (requiring "[a] party opposing summary disposition . . . to come forward and specifically point out errors in fact and/or law"), and accordingly, we affirm.

{11}    For the reasons set forth above and in our notice of proposed summary disposition, we affirm.

{12}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**J. MILES HANISEE, Judge**